IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ZACHARY BOUVIER TAYLOR :
:
Petitioner, :
:
v. : Case No. 4:18-cv-00257-CDL-CHW
:
WARDEN EDWARD PHILBIN, :
:
Respondent. :

# ORDER

Petitioner Zachary Bouvier Taylor, currently confined in the Augusta State Medical Prison, filed an application for federal habeas corpus relief under 28 U.S.C. § 2254 challenging his February 2015 conviction in the Superior Court of Harris County, Georgia. Pet. 1, ECF No. 1. At the time of filing, Petitioner paid the $5.00 filing fee.[1]

---

[1] Petitioner was originally convicted in 2005. After the Supreme Court of Georgia upheld his conviction in 2007, *Taylor v. State*, 282 Ga. 44 (2007), his state court habeas petition was granted in April 2013. Plaintiff was found guilty at his second trial in February 2015. The Supreme Court of Georgia affirmed his conviction on May 7, 2018. *Taylor v. State*, 303 Ga. 624 (2018). Petitioner has filed seven habeas petitions in this Court. His first five petitions concerned the proceedings that resulted in his December 2005 conviction. *See Taylor v. Jolley*, 4:04-cv-000026 (M.D. Ga. April 14, 2004); *Taylor v. Jolly*, 4:04-cv-00048 (M.D. Ga. May 27, 2004); *Taylor v. Railey*, 4:04-cv-00052 (M.D. Ga. May 28, 2004); *Taylor v. Nelson*, 4:08-cv-00120 (M.D. Ga. October 7, 2008); *Taylor v. Central State*, 5:05-cv-00087 (M.D. Ga. Feb. 1, 2006). Petitioner's first habeas petition contesting his February 2015 conviction was dismissed for failure to exhaust state court remedies. *See Taylor v. Davis*, 4:15-cv-00058 (M.D. Ga. August 17, 2015). His second petition contesting that conviction was dismissed as duplicative of his first. *Taylor v. Berry*, 4:15-cv-00117 (M.D. Ga. July 23, 2015). The Court is unable to conclude at this time that any of his prior habeas petitions render the instant petition second or successive for purposes of § 2244(b)(1)-(2). *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

After conducting an initial review in accordance with Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, the Court is unable to conclude that the instant Petition is subject to summary dismissal. It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in her initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer[2] to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that

---

[2] On January 11, 2019, Petitioner filed a "motion for summary judgment." Mot. for Summ. J., ECF No. 3. This document is construed as an amendment to and brief in support of the petition, which the Court will consider on review of the merits of the petition. Accordingly, Respondent shall file an appropriate response as contemplated by Rule 5. The Clerk of Court is directed to **TERMINATE** the motion.

Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to the Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, the Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 24th day of January, 2019.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge